UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT T. PERRY, | ) | CASE NO. 4:09 CV 1697 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN BERNIE KELLY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Robert T. Perry ("Plaintiff") filed this action under 42 U.S.C. §1983 against Trumbull Correctional Institution ("TCI") Warden Bernie Kelly, and TCI Assistant Warden Robin Ware ("Ms. Ware"). In the complaint, Plaintiff alleges he was denied placement in protective custody. He seeks monetary relief and an order for placement in protective custody.

**Background**

Plaintiff is an inmate at TCI. He claims he requested to be placed in protective custody because other inmates have threatened to kill him. He indicates he made this request through the Lieutenant of the Rules Infraction Board and the Captain of the Segregation Unit, who then contacted Ms. Ware. Ms. Ware met with Plaintiff and denied his request, which he claims was contrary to the administrative rules and guidelines. He contends he filed grievances but has not received the desired result. He has been ordered to return to the general population several times, but because he has refused to do so he remains in disciplinary segregation. Plaintiff asks this court to order that he be placed in protective custody, that he receive damages for the days he has spent in disciplinary segregation, and that the court act to change the segregation request procedures within TCI.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). In his complaint, Plaintiff provides a short narrative of facts and then asks this court to order his placement in protective custody. Outside of that recitation of facts and prayer for relief, Plaintiff has provided no legal theory or cause of action that would alert Defendants to the nature of his claims. Further, he has identified no rights, constitutional or otherwise, that have been violated by Defendants.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986).

all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Moreover, Plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiff intends to proceed.

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DATE: November 25, 2009            s/John R. Adams
                                   JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides as follows: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."